UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANN TORNABENE | CIVIL ACTION |
| VERSUS | NO. 20-400 |
| BRANDON COX and<br>SAFECO INSURANCE<br>COMPANY OF INDIANA | SECTION: M (4) |

## ORDER & REASONS

Before the court is a motion by plaintiff Ann Tornabene to remand this matter to the Civil District Court, Parish of Orleans, State of Louisiana ("CDC") for lack of the requisite amount in controversy to support diversity subject-matter jurisdiction.[1] Defendants Brandon Cox and Safeco Insurance Company of Indiana (collectively, "Defendants") respond in opposition,[2] and Tornabene replies in further support of the motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Tornabene's motion finding that the amount in controversy exceeds $75,000.

**I.    BACKGROUND**

This case involves a personal injury. On December 30, 2019, Tornabene filed this action in the CDC alleging Louisiana state-law claims arising out of an incident that occurred at Tulane Medical Center ("Tulane") in New Orleans.[4] Specifically, Tornabene alleges that at around 3:40 a.m. on January 27, 2019, she was working as an emergency room nurse at Tulane when Cox, who was allegedly intoxicated, "grabbed [her] from behind by the neck and dragged her onto the ground, and then dragged her into his hospital room."[5] Tornabene alleges that she "sustained severe, permanent and disabling personal injuries, including economic damages, and mental

---

[1] R. Doc. 8.
[2] R. Doc. 10.
[3] R. Doc. 14.
[4] R. Doc. 1-6 at 1-3.
[5] *Id.* at 2.

anguish."[6]  Prior to filing suit, on December 2, 2019, Tornabene's counsel sent a letter to Safeco's insurance adjustor, Scott Voss, demanding Cox's policy limits of $300,000, describing Tornabene's allegedly "significant [and extreme] physical and psychological damages as a result of th[e] attack," and identifying the various medical professionals she had seen or was seeing, which included a psychiatrist, a therapist, an orthopedist, a pain management physician, and a neurologist.[7]  The letter also stated that Tornabene was scheduled for a nerve block procedure.[8]

On February 5, 2020, Defendants removed this action to this Court alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[9]  Defendants allege that the parties are completely diverse as Cox is a citizen of Texas, Safeco is a citizen of Indiana and Massachusetts, and Tornabene is a citizen of Louisiana.[10]  Defendants also allege that there is more than $75,000 in controversy.[11]

## II. PENDING MOTION

Tornabene filed the instant motion to remand arguing that Defendants did not meet their burden of demonstrating the requisite amount in controversy as of the date of removal because they did not include summary-judgment-type evidence with their notice of removal.[12]  In her original motion, Tornabene does not mention the letter from her counsel stating that her physical and mental damages are severe and demanding $300,000.  In her reply, Tornabene insists that the letter is insufficient to establish the amount in controversy because it did not accompany Defendants' notice of removal and "is vague as it relates to injuries, quantum, and medical treatment."[13]

---

[6] *Id.*
[7] R. Doc. 10-1 at 1-4.
[8] *Id.* at 3.
[9] R. Doc. 1.
[10] *Id.* at 2.
[11] *Id.* at 2-3.
[12] R. Docs. 8-1 at 4-11; 14 at 1-5.
[13] R. Doc. 14 at 4.

Defendants oppose the motion arguing that the letter from plaintiff's counsel, along with the description of Tornabene's injuries contained in the petition, establish that there is more than $75,000 in controversy.[14] As further evidence that the amount in controversy is satisfied, Defendants attach to their opposition memorandum the letter from plaintiff's counsel[15] as well as Tornabene's responses to requests for admission reciting that she "alleges damages in excess of $75,000 exclusive of judicial interest and costs."[16]

## III.  LAW & ANALYSIS

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The federal district courts have original subject-matter jurisdiction based on diversity of citizenship when the cause of action is between "citizens of different States" and the amount in controversy exceeds the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Subject-matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). "Any ambiguities are construed against removal and in favor of remand to state court[,]" and "[t]he party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013) (citations omitted).

Because plaintiffs in Louisiana state courts may not plead a specific amount of damages, the Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1)." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In these

---

[14] R. Doc. 10 at 1-4.
[15] R. Doc. 10-1.
[16] R. Doc. 10-2.

3

cases, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or (2) by setting forth facts, preferably in the removal petition or sometimes by affidavit, that support a finding of the requisite amount. *Id.*

In this case, Defendants have unquestionably satisfied their burden of demonstrating the requisite amount in controversy. In the removal petition, which was verified, Defendants stated that they reasonably believed that the amount in controversy exceeds $75,000.[17] They did so with good grounds. At the time of removal, Defendants had in hand a four-page letter from plaintiff's counsel explaining at length the physical and emotional injuries to Tornabene that were being treated by multiple medical professionals and demanding $300,000 to resolve the matter.[18] The reasonable inference to draw from the letter is that Tornabene believed the medical treatment occasioning the demand was incurred as a result of the accident. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998) (considering demand letter to find the amount in controversy); *Rubio v. State Farm Lloyds*, 2019 WL 6330355, at *2 (S.D. Tex. Nov. 26, 2019) (same). Yet, Tornabene insists that the letter is not adequate to establish the requisite amount in controversy because it was not attached to the notice of removal, intoning that "jurisdictional facts are determined at the time of removal."[19] But the demand letter existed so was itself a jurisdictional fact *at the time of removal*, even if evidence of the letter was adduced (not produced) post-removal.

Moreover, in post-removal responses to Defendants' requests for admission, Tornabene confirmed that she "alleges damages in excess of $75,000 exclusive of judicial interest and costs."[20] It matters not that Tornabene gave these responses *after* removal when they plainly

---

[17] R. Doc. 1 at 2.
[18] R. Doc. 10-1.
[19] R. Doc. 14 at 2 (citing *Gebbia*, 233 F.3d at 883).
[20] R. Doc. 10-2 at 2.

4

reveal that the amount in controversy *at the time* of removal exceeded the minimum threshold. *Cf. Gebbia*, 233 F.3d at 833 (post-removal affidavit may be considered in determining amount in controversy at the time of removal when the basis for jurisdiction is ambiguous at the time of removal). While a plaintiff's post-removal stipulation, affidavit, or response to a request for admission that the amount in controversy is *less* than $75,000 typically does *not* divest a federal court of jurisdiction once established, *id.*, a plaintiff's post-removal admission that the amount in controversy *exceeds* $75,000 – an assertion at odds with its avowed interest in avoiding federal jurisdiction – should be considered as establishing the jurisdictional threshold at the time of removal because it is "relevant to that period of time." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). After all, the amount in controversy of a case does not, and should not, rise or fall on whether jurisdiction vests in federal or state court.

To be sure, it is disingenuous (even borderline frivolous) for Tornabene to argue now that Defendants have not demonstrated by a preponderance of the evidence that there is more than $75,000 in controversy when her counsel's representations to Defendants clearly demonstrate otherwise.[21]

## IV.   CONCLUSION

IT IS ORDERED that Tornabene's motion to remand (R. Doc. 8) is DENIED.

New Orleans, Louisiana, this 24th day of March, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[21] R. Doc. 14 at 8 ("As reflected in the demand letter and then Responses to the Requests for Admission, Plaintiff is not disputing that the value of her case exceeds $75,000, exclusive of interest[] and costs.").